IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAUN M. IRONS,)
)
      Plaintiff,)
)
-vs-) Civil Action No. 2:18-999
)
SOCIAL SECURITY ADMINISTRATION,)
)
      Defendant.)

AMBROSE, Senior District Judge

## MEMORANDUM OPINION

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). [ECF No. 9-1, Exs. 1,2]. Plaintiff's application was denied by an Administrative Law Judge on September 20, 2016. Id. Plaintiff filed a Request for Review with the Appeals Council. Id. On October 19, 2017, the Appeals Council denied the request for review. Id. Plaintiff requested an extension of time to file a civil action, and the Appeals Council granted that request in a notice dated May 18, 2018. Id. (Exs. 3, 4). Specifically, the Appeals Council informed Plaintiff that he could file a civil within 30 days from the date he received the May 18 letter. Id. (Ex. 4). The notice further stated that the Appeals Council would assume that Plaintiff received the letter 5 days after the date on it unless he showed them that he did not receive it within the 5-day period. Id. Plaintiff filed the instant action on July 26, 2018. [ECF No. 1]. Plaintiff is proceeding in this case *pro se*, *in forma pauperis*. [ECF Nos. 1, 3].

Pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint as untimely. [ECF No. 8]. Section 405(g) of the Act explains the time frame for filing a civil action as follows:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the

1

Commissioner may allow.

42 U.S.C. § 405(g). The sixty-day appeal period presents a statute of limitations, rather than a jurisdictional requirement. Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012). In addition, the appeal period constitutes a waiver of sovereign immunity, which is to be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986).

In this case, the Appeals Council letter granting Plaintiff a 30-day extension of time to file a civil action was dated May 18, 2018. With the five additional days for mailing, Plaintiff was required to commence a civil action by June 22, 2018. Plaintiff, however, did not file the instant action with this Court until July 26, 2018 – over one month after the extended deadline. [ECF No. 1]. There is no indication that Plaintiff filed a second request to extend time.

After Defendant filed the Motion to Dismiss on October 16, 2018, Plaintiff was given until November 30, 2018, to file a Response. [ECF No. 10]. A copy of the Order setting the November 30 response date was mailed to Plaintiff on October 17, 2018. Plaintiff did not file a response on November 30 or anytime thereafter. On February 14, 2019, I entered an Order to Show Cause ordering Plaintiff to respond to Defendant's Motion to Dismiss no later than March 14, 2019 or otherwise show cause why the case should not be dismissed. [ECF No. 12]. A copy of the Order to Show Cause was mailed to Plaintiff on that same date at his address of record. To date, Plaintiff has not filed a response or other pleading demonstrating good cause why this case should not be dismissed.[1]

Given the procedural posture of the case as listed above, there is no question that this action was untimely commenced. A statute of limitations period may be equitably tolled, however, "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her

---

[1] On or about February 19, 2019, Plaintiff mailed a short, handwritten note to the Court dated February 18, 2019, inquiring as to when his case would be reviewed on its merits. The note does not mention Defendant's Motion to Dismiss or otherwise address any timing or statute of limitations issues. The return address on the envelope matches Plaintiff's address of record to which the original response date and the Order to Show Cause were mailed. A copy of the February 18 note is attached hereto as Exhibit 1.

rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Kramer, 461 F. App'x at 169-70 (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)). None of these circumstances appear to exist in the record. As such, I find that the doctrine of equitable tolling does not apply.

It is axiomatic that the submissions of *pro se* litigants must be viewed liberally, and I have so viewed Plaintiff's submissions. Nonetheless, a *pro se* litigant is not excused, merely by virtue of being uncounseled or mistaken about the law, from complying with statutes of limitations. Joseph v. Colvin, No. 15-124, 2015 WL 5177771, at *1 (W.D. Pa. Sept. 4, 2015). Even given Plaintiff's *pro se* status, I am bound to follow applicable regulations and law, which require under the circumstances that his Complaint be dismissed. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAUN M. IRONS, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. 2:18-999 |
| SOCIAL SECURITY ADMINISTRATION, | ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 3rd day of April, 2019, it is ordered that Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely [ECF No. 8] is granted and Plaintiff's Complaint is hereby dismissed with prejudice. The case shall be marked closed.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge